IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VANDY D. STOVALL                                                                                           PLAINTIFF

v.                                      Civil No. 6:24-cv-06035-SOH-MEF

DR. GUY HENRY
(Ouachita River Correctional Unit)                                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff failure to obey Court Orders and failure to prosecute this case.

### I.     BACKGROUND

Plaintiff filed his Complaint on March 21, 2024.  (ECF No. 1).  In the Order provisionally filing the case, Plaintiff was directed to submit a completed *in forma pauperis* ("IFP") application or pay the filing fee by April 11, 2024.  (ECF No. 3).  Plaintiff submitted an incomplete IFP application on April 1, 2024.  (ECF No. 5).  The Court entered a Second Order identifying the deficiencies and directing Plaintiff to submit a completed IFP application by April 12, 2024.  (ECF No. 6).  Plaintiff submitted another deficient IFP application on April 12, 2024.  (ECF No. 7).  The Court then entered a third Order providing additional explanation of the deficiencies and giving Plaintiff a third opportunity to submit his IFP application or pay the filing fee no later than May 6, 2024.  (ECF No. 8).  This Order was not returned as undeliverable.  All three Orders advised Plaintiff that failure to submit a completed IFP application or pay the filing fee by the deadline

1

would result in the dismissal of his case. To date, Plaintiff has failed to submit his third IFP application or pay the filing fee.

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . .. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to comply with three Court Orders. Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.     CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

<u>Referral Status</u>: This case should not remain referred, as the case has been recommended for dismissal in this Report and Recommendation.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of May 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE